Fanny Wan (SBN 277606)
fwan@raslg.com
**ROBERTSON, ANSCHUTZ, SCHNEID & CRANE LLP**
350 10th Avenue, Suite 1000
San Diego, CA 92101
Telephone: (470) 321-7112

Attorneys for Creditor
U.S. Bank National Association, As Trustee For
Structured Asset Securities Corporation Mortgage
Pass-Through Certificates, Series 2006-AM1

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

In re

Gilberto Figueroa Montanez

Debtor.

Case No. 2:23-bk-10708-VZ

Chapter 13

**OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN OF REORGANIZATION**

**SUBJECT PROPERTY:**
424 E 60TH ST,
LOS ANGELES, CA 90003

**CONFIRMATION HEARING:**
DATE:        January 22, 2024
TIME:        10:00 AM
PLACE:       255 E Temple St.,
             Los Angeles, CA 90012
CTRM:        1368
JUDGE:       Vincent P. Zurzolo

U.S. Bank National Association, As Trustee For Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006-AM1, by and through its authorized loan servicing agent, PHH Mortgage Corporation (collectively the "Creditor"), secured creditor of the above-entitled debtor, Gilberto Figueroa Montanez ("Debtor"), hereby objects to confirmation of the Chapter 13 Plan filed by the Debtor in the above-referenced matter. The basis of the objection is stated below:[1]

---

[1] This objection shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Robertson, Anschutz, & Schneid & Crane LLP's participation in this proceeding. Moreover, the within party does not authorize Robertson, Anschutz,

## I.    STATEMENT OF FACTS[2]

On or about December 19, 2005, Gilberto Figueroa, Debtor executed a promissory note in the original principal sum of $260,000.00 (the "Note") which was made payable to Aames Funding Corporation DBA Aames Home Loan ("Lender"). The Note was and remains secured by a recorded deed of trust (the "Deed of Trust") encumbering the real property located at 424 E 60th St, Los Angeles, CA 90003 (the "Subject Property").  Subsequently, Lender's beneficial interest under the Deed of Trust was transferred to Creditor.

On February 8, 2023, Debtor filed the instant Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Central District of California - Los Angeles Division, and was assigned case number 2:23-bk-10708-VZ.

On February 23, 2023, Debtor filed his Chapter 13 Plan ("Plan") which provides for Creditor's claim in Class 4. The Plan includes payments towards Creditor's claim; however, the figures used by the Debtor are inaccurate.

Secured Creditor filed its Proof of Claim on March 27, 2023 (Claim : 2-1) which shows the pre-petition arrearage due to Creditor in the amount of $86,709.51, whereas the Plan proposes to pay only $77,869.92 in pre-petition arrears.

## II.    ARGUMENT

**A.    DEBTOR'S CHAPTER 13 PLAN CANNOT BE CONFIRMED BECAUSE IT DOES NOT PROMPTLY CURE CREDITOR'S PRE-PETITION ARREARS AS REQUIRED BY 11 U.S.C. §1322(b)(5)**

Section 1325(a)(1) requires that "the plan complies with the provisions of this chapter and with the other applicable provisions of this title."  11 U.S.C. § 1325(a)(1).   Section 1322(b)(5) requires that all chapter 13 plans must provide for the "curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is

---

Schneid & Crane, LLP, either expressly or impliedly through Robertson, Anschutz, Schneid & Crane LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

[2] Pursuant to Rules 201(b) and 201(d) of the Federal Rules of Evidence, which are made applicable to this proceeding by Rule 9017 of Federal Rules of Bankruptcy Procedure, Creditor requests that the Court take judicial notice of the sworn bankruptcy schedules and other relevant documents filed in the instant case.

**OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN OF REORGNIAZATION**

1  due." Further, section 1322(b)(2) prohibits debtors from modifying the rights of secured creditor

2  whose security interest is secured solely by the debtor's principal residence.

3      In the present case, the major deficiency with Debtor's Plan is that it incorrectly asserts the

4  outstanding arrearage balance of Creditor's pre-petition claim. Specifically, Debtor's Plan states

5  that Creditor's pre-petition arrears are only $77,869.92; however, Creditor's filed Proof of Claim

6  reflects pre-petition arrears in the amount of $86,709.51. Accordingly, Debtor's Plan fails to meet

7  the requirements of section 1325(a)(1) because it does not provide to promptly cure the **entire**

8  outstanding balance of Creditor's arrearage claim as required by section 1322(b)(5).

9      Based upon the foregoing, the Court should deny confirmation of the Debtor's Plan.   In

10  the alternative, the Court should confirm the Plan with a provision stating the Debtor must cure

11  Creditor's entire pre-petition arrears, estimated in the amount of $86,709.51, in equal monthly

12  payments over a period of time not to exceed (60) months.

13

14      **WHEREFORE**, Creditor respectfully requests:

15        1.    That the Court deny confirmation of the Debtor's Plan;

16        2.    For such other and further relief as this court deems just and proper

17

18          **ROBERTSON, ANSCHUTZ, SCHNEID & CRANE LLP**

19  Dated: 05/01/2023          /s/ *Fanny Wan*  (SBN 277606)

20                FANNY WAN
              Attorneys for Creditor, U.S. Bank National

21                Association, As Trustee For Structured Asset
              Securities Corporation Mortgage Pass-Through

22                Certificates, Series 2006-AM1

23

24

25

26

27

28

**OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN OF REORGNAIZATION**